Amy B. Vandeveld, SBN 137904
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, California  92101
Telephone:  (619) 231-8883
Facsimile:  (619) 231-8329

Attorney for Plaintiff

FILED
2008 JUL -3 PM 4:27
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KAREL SPIKES,

    Plaintiff,

vs.

JOHN SPATOFORE dba GRAND AUTOMOTIVE; JAKE CVI, INC. and DOES 1 THROUGH 10, Inclusive,

    Defendants.

Case No. 08 CV 1202 LAB LSP

**CIVIL COMPLAINT**

DEMAND FOR JURY TRIAL
[F.R.C.P. §38(b);
Local Rule 38.1]

Plaintiff, KAREL SPIKES (hereinafter referred to as "Plaintiff"), file this cause of action against Defendants JOHN SPATOFORE dba GRAND AUTOMOTIVE (hereinafter "GRAND AUTOMOTIVE"), JAKE CVI, INC. and DOES 1 THROUGH 10, Inclusive, and would show unto the Court the following:

I.

**JURISDICTION AND VENUE**

1.  This Court has original jurisdiction of this civil action pursuant to 28 USC §1331, 28 USC §§1343(a)(3) and 1343(a)(4) for claims arising under the Americans with Disabilities Act of 1990, 42 USC §12101 et seq. and the Court's supplemental jurisdiction, 28 USC §1367.

2. Venue in this Court is proper pursuant to 28 USC §§1391(b) and (c).

3. Pursuant to 28 USC §1367(a), Plaintiff shall assert all causes of action based on state law, as plead in this complaint, under the supplemental jurisdiction of the federal court. All the causes of action based on federal law and those based on state law, as herein stated, arose from a common nuclei of operative fact. That is, Plaintiff was denied equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws and/or was injured due to violations of federal and state access laws. The state actions of Plaintiff are so related to the federal actions that they form part of the same case or controversy. The actions would ordinarily be expected to be tried in one judicial proceeding.

## II.

## THE PARTIES

4. Defendant GRAND AUTOMOTIVE is, and at all times mentioned herein was, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. GRAND AUTOMOTIVE is located at 908 Grand Avenue, Spring Valley, CA (hereinafter "the subject property".) Plaintiff is informed and believes and thereon alleges that Defendant GRAND AUTOMOTIVE is, and at all times mentioned herein was, the owner, lessor or lessee of the subject property and/or the owner and/or operator of the public accommodation located at the subject property.

5. Defendant JAKE CVI, INC. is, and at all times mentioned herein was, a business or corporation or franchise organized and

existing in and/or doing business under the laws of the State of California. Plaintiff is informed and believes and thereon alleges that Defendant JAKE CVI, INC. is, and at all times mentioned herein was, the owner, lessor or lessee of the subject property.

     6.   Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, representing partners, subsidiaries, parent companies, joint venturers and/or divisions of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein of each of the remaining Defendants.

     7.   Plaintiff is an otherwise qualified disabled individual as provided in the Americans with Disabilities Act of 1990, 42 USC §12102, Part 5.5 of the California Health & Safety Code and the California Unruh Civil Rights Act, §§51, et seq., 52, et seq., the California Disabled Persons Act, §§54, et seq., and other statutory measures which refer to the protection of the rights of "physically disabled persons." Plaintiff visited the public accommodation owned and/or operated by Defendants and/or located at the subject property for the purpose of availing himself of the goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by Defendants and/or located on the subject

1 property.

2   8.   Plaintiff is informed and believes and thereon alleges
3 that the subject facility has been newly constructed and/or
4 underwent remodeling, repairs, or alterations since 1971, and
5 that Defendants have failed to comply with California access
6 standards which applied at the time of each such new
7 construction and/or alteration.

## III.

## **FACTS**

9.   Plaintiff has a mobility impairment and uses a wheelchair. Moreover, he has had a history of or has been classified as having a physical impairment, as required by 42 USC §12102(2)(A).

10.   On or about August 15, 2007, June 27, 2008 and continuing through the present date, Plaintiff was denied full and equal access to the facilities owned and/or operated by the Defendants because the facility and/or subject property were inaccessible to members of the disabled community who use wheelchairs for mobility. Plaintiff was denied full and equal access to portions of the property because of barriers which included, but are not limited to, inaccessible path of travel, inaccessible restroom facilities and lack of accessible parking space, as well as, lack of signage for said space. Plaintiff was also denied full and equal access because of discriminatory policies and practices regarding accommodating people with disabilities. Plaintiff filed this lawsuit to compel compliance with access laws and regulations.

11.   As a result of Defendants' failure to remove

4

1 architectural barriers, Plaintiff suffered injuries. People
2 with disabilities, because of the existing barriers, are denied
3 full and equal access to the Defendants' facilities. The ADA
4 has been in effect for more than 16 years. Given the vast
5 availability of information about ADA obligations, including
6 FREE documents which are available from the U.S. Department of
7 Justice by calling (800) 514-0301 or at the following web
8 sites: **www.sba.gov/ada/smbusgd.pdf**, **www.ada.gov/taxpack.pdf** and
9 **www.usdoj.gov/crt/ada**, the failure of Defendants to comply with
10 their barrier removal obligations is contemptible.
11     12.   Plaintiff is an otherwise qualified individual as
12 provided in the Americans with Disabilities Act or 1990, 42 USC
13 §12102, the Rehabilitation Act of 1973, Section 504 (as amended
14 29 USC §794) and the California Unruh Civil Rights Act, Civil
15 Code §§51, 52, 54.1, and 54.3, and other statutory measures
16 which refer to the protection of the rights of "physically
17 disabled persons." Plaintiff visited the public facilities
18 owned and operated by Defendants for the purpose of availing
19 himself of the goods and services offered and provided by
20 Defendants and/or for the purpose of obtaining removal of
21 architectural barriers and/or modification of policies,
22 practices and procedures to provide accessibility to people
23 with disabilities. Plaintiff was injured in fact, as set forth
24 more specifically herein.
25     13.   Plaintiff alleges that Defendants will continue to
26 operate public accommodations which are inaccessible to him and
27 to other individuals with disabilities. Pursuant to 42 USC
28 §12188(a), Defendants are required to remove architectural

barriers to their existing facilities.

14. Plaintiff has no adequate remedy at law for the injuries currently being suffered in that money damages will not adequately compensate Plaintiff for the amount of harm suffered as a result of exclusion from participation in the economic and social life of this state.

15. Plaintiff believes that architectural barriers precluding Plaintiff full and equal access of the public accommodation will continue to exist at Plaintiff's future visits, which will result in future discrimination of Plaintiff, in violation of the Americans with Disabilities Act. Plaintiff is currently being subjected to discrimination because Plaintiff cannot make use of and obtain full and equal access to the facilities, goods and/or services offered by Defendants to the general public. Plaintiff seeks damages for each offense relating to each of Plaintiff's visits to the subject property when Plaintiff was denied full and equal access to the subject property or was deterred from attempting to avail himself of the benefits, goods, services, privileges and advantages of the place of public accommodation at the subject property because of continuing barriers to full and equal access.

IV.

**FIRST CLAIM FOR**
**VIOLATION OF AMERICAN WITH DISABILITIES ACT**
**42 USC §12101, et seq.**

16. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though set forth fully herein.

17. Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants, in violation of 42 USC §12182(a). Plaintiff was, therefore, subjected to discrimination and is entitled to injunctive relief pursuant to 42 USC §12188 as a result of the actions or inaction of Defendants.

18. Among other remedies, Plaintiff seeks an injunctive order requiring compliance with state and federal access laws for all access violations which exist at the property, requiring removal of architectural barriers and other relief as the court may deem proper. Plaintiff also seeks any other order that will redress the discrimination to which he has been subjected, is being subjected and/or will be subjected.

V.

### SECOND CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE

19. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusive, as though set forth fully herein.

20. Based on the facts plead hereinabove and elsewhere in this complaint, Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to and enjoyment of the subject facilities and of Defendants' goods, services, facilities, privileges, advantages or accommodations within a public accommodation, in violation of California Civil Code

1 §§51, et seq., 52, et seq., and 54, et seq.

2  21. Defendants' actions constitute a violation of Plaintiff's rights under California Civil Code §§51, et seq., 52, et seq., and 54, et seq. and therefore Plaintiff is entitled to injunctive relief remedying all such violations of California access laws and standards. In addition, Plaintiff is entitled to damages under California Civil Code §54.3 for each offense. The amount of damages suffered by Plaintiff is not yet determined. When the amount is ascertained, Plaintiff will ask the Court for leave to amend this complaint to reflect this amount. Plaintiff is also entitled to and requests attorneys' fees and costs.

3  22. The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code §§51, et seq. and therefore Plaintiff is entitled to injunctive relief remedying all such violations of California access laws and standards. In addition, Plaintiff is entitled to damages under California Civil Code §52 for each offense. The amount of damages suffered by Plaintiff is not yet determined. When the amount is ascertained, Plaintiff will ask the Court for leave to amend this complaint to reflect this amount.

4  23. Plaintiff seeks all of the relief available to him under Civil Code §§51, 52 et seq., 54, 54.1, 54.2, 54.3, and any other Civil Code Sections which provide relief for the discrimination suffered by Plaintiff, including damages and attorneys fees.

///

**VI.**

**THIRD CLAIM FOR
VIOLATION OF HEALTH AND
SAFETY CODE §19950, ET SEQ.**

24. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23, inclusive, as though set forth fully herein.

25. Defendants' facilities are public accommodations within the meaning of Health and Safety Code §19950, et seq., and Plaintiff is informed and believes and thereon alleges that Defendants have newly built or altered the subject property and/or the subject facility since 1971 within the meaning of California Health and Safety Code §19959. The aforementioned acts and omissions of Defendants constitute a denial of equal access to the use and enjoyment of the Defendants' facilities by people with disabilities.

26. Defendants' failure to fulfill their duties to provide full and equal access to their facilities by people with disabilities has caused Plaintiff to suffer deprivation of Plaintiff's civil rights, as well as other injuries.

27. As a result of Defendants' violations of Health and Safety Code §§19955, et seq., described herein, Plaintiff is entitled to and requests injunctive relief pursuant to Health and Safety Code §§19953, and to reasonable attorney's fees and costs.

**VII.**

**FOURTH CLAIM FOR DECLARATORY RELIEF**

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as though set forth fully herein.

29. An actual controversy now exists in that Plaintiff is informed and believes and thereon alleges that Defendants' premises are in violation of the disabled access laws of the State of California including, but not limited to, Civil Code §§51, et seq., §§52, et seq., §§54, et seq., Health and Safety Code §§19950, et seq., Government Code §§4450, et seq. and 7250, et seq., Title 24 of the California Code of Regulations, and/or Title III of the Americans with Disabilities Act and its implementing Accessibility Regulations.

30. A declaratory judgment is necessary and appropriate at this time so that each of the parties may know their respective rights and duties and act accordingly.

## VIII.

### FIFTH CLAIM FOR INJUNCTIVE RELIEF

31. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30, inclusive, as though set forth fully herein.

32. Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural barriers at Defendants' public accommodation, and/or to modify their policies and practices regarding accommodating people with disabilities. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.

33. Plaintiff seeks injunctive relief to redress Plaintiff's injuries.

///
///

## IX.

**JURY DEMAND**

34. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a jury trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants, GRAND AUTOMOTIVE, JAKE CVI, INC. and DOES 1 through 10, as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act, the Unruh Civil Rights Act and the Disabled Persons Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section;

2. That the Court declare the respective rights and duties of Plaintiff and Defendants as to the removal of architectural barriers at Defendants' public accommodations;

3. An order awarding Plaintiff actual, special and/or statutory damages for violation of his civil rights and for restitution including, but not limited to, damages pursuant to the applicable Civil Code Sections including, but not limited to, §§52 and 54.3 for each and every offense of Civil Code §§51 and 54;

4. An award of compensatory damages according to proof;

5. An award of up to three times the amount of actual damages pursuant to the Unruh Civil Rights Act and the Disabled Persons Act; and

6. An order awarding Plaintiff reasonable attorneys' fees and costs;

```
1    7.   Such other and further relief as the Court deems
2         proper.
3 DATED:  7/2/08            LAW OFFICES OF AMY B. VANDEVELD

                            /s/ ABV
                            _____
                            AMY B. VANDEVELD,
                            Attorney for Plaintiff
```

JS-44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

I (a) PLAINTIFFS
KAREL SPIKES

2008 JUL -3 PM 4:27
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEFENDANTS
JOHN SPATOFORE dba GRAND AUTOMOTIVE and JAKE CVI, INC. and DOES 1 THROUGH 10, Inclusive,

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
BY: _____ DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Amy B. Vandeveld, Esq.
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, CA 92101    (619) 231-8883

ATTORNEYS (IF KNOWN)
'08 CV 1202 LAB LSP

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- 1 U.S. Government Plaintiff
- XX 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

42 U.S.C. Sections 12101-12111, 11281-12184 and 12201 et. seq.

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reappointment |
| 110 Insurance | 310 Airplane | 362 Personal Injury- Medical Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 120 Marine | 315 Airplane Product Liability | | 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | 430 Banks and Banking |
| 130 Miller Act | 320 Assault, Libel & Slander | 365 Personal Injury - Product Liability | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 140 Negotiable Instrument | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 640 RR & Truck | 830 Patent | 460 Deportation |
| 150 Recovery of Overpayment & Enforcement of Judgment | 340 Marine | | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 151 Medicare Act | 345 Marine Product Liability | PERSONAL PROPERTY | 660 Occupational Safety/Health | SOCIAL SECURITY | 810 Selective Service |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 350 Motor Vehicle | 370 Other Fraud | 690 Other | 861 HIA (1395ff) | 850 Securities/Commodities Exchange |
| 153 Recovery of Overpayment of Veterans Benefits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | LABOR | 862 Black Lung (923) | 875 Customer Challenge 12 USC |
| 160 Stockholders Suits | 360 Other Personal Injury | 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 190 Other Contract | | 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 892 Economic Stabilization Act |
| 195 Contract Product Liability | | | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 442 Employment | | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 230 Rent Lease & Ejectment | (X) 443 Housing/Accommodations | 530 General | | | 950 Constitutionality of State |
| 240 Tort to Land | 444 Welfare | 535 Death Penalty | | | 890 Other Statutory Actions |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | | | |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prisoner Conditions | | | |

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
- X 1 Original Proceeding
- 2 Removal from State Court
- 3 Remanded from Appelate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT:
- CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
- DEMAND $ To be determined at trial
- Check YES only if demanded in complaint:
- JURY DEMAND: XX YES  NO

VIII. RELATED CASE(S) IF ANY (See Instructions):  JUDGE _____  Docket Number _____

DATE 7/2/08    SIGNATURE OF ATTORNEY OF RECORD  A.B.V.

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

152644  $350.00
MD 07/03/08

```
UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 152644      - MB

July 03, 2008
   16:24:31

     Civ Fil Non-Pris
USAO #.: 08CV1202 CIVIL FILING
Judge..: LARRY A BURNS
Amount.:
Check#.: BC3426          $350.00 CK


Total-> $350.00


FROM: KAREL SPIKES VS
      JOHN SPATOFORE DBA GRAND
      AUTOMOTIVE, ET AL
```